E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0637-GHK (SSx) | Date | November 20, 2014 |
|---|---|---|---|

| Title | *Unito Piazza Enterprises Co. LTD, et al. v. Pacwind, Inc., et al.* |
|---|---|

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order to Show Cause**

On October 1, 2014, Plaintiffs Unito Piazza Enterprises Co. Ltd. and Sustainable Energy Applications, LLC (collectively, "Plaintiffs") filed a Motion to Enforce Settlement Agreement. (Dkt. 123.) Plaintiffs claim that Defendant WePower LLC ("WePower") breached the settlement agreement that resulted in the dismissal of this suit in August 2011. (Dkt. 119.) Specifically, Plaintiffs claim that WePower promised to make quarterly payments of either $11,000 or eight percent of the gross profits of the company for the quarter, whichever is higher. (Mot. at 4.) Plaintiffs seek a judgment for all unpaid past due quarterly payments, totaling $99,000, and for all future payments, totaling $44,000. (Mot. at 11.)

Plaintiffs claim that we may enter a judgment for future payments because WePower has "anticipatorily defaulted on the remaining balance due under the settlement." (Mot. at 8.) However, "[i]t is well established in California law that, in the absence of acceleration clause, a contract made unilateral by one party's complete performance renders the doctrine of anticipatory breach inapt." *See Maudlin v. Pac. Decision Sciences Corp.*, 137 Cal. App. 4th 1001, 1018 (2006) (citing *Cobb v. Pacific Mutual Life Ins. Co.* 4 Cal. 2d 565, 571 (1935); *Minor v. Minor,* 184 Cal. App. 2d 118, 122 (1960); *Diamond v. University of So. California,* 11 Cal. App. 3d 49, 53-54 (1970); *Harris v. Time, Inc.*, 191 Cal. App. 3d 449, 457-58 (1987)). This rule is black letter contract law. *See* 10-54 Corbin on Contracts § 54.4 ("It has been frequently stated and generally held that repudiation before the time fixed for performance of a contract can never operate as an anticipatory breach thereof if the contract was unilateral at the time of the repudiation."); 23 Williston on Contracts § 63:62 (4th ed.) ("The general rule is that a unilateral promise for an executed agreed exchange to pay money at a future day may not be enforced until that day arrives. In accordance with that general rule, the doctrine of anticipatory breach is generally not applied with regard to contracts for the payment of money in fixed monthly installments.") (footnotes omitted). There was no acceleration clause in the settlement agreement according to the evidence Plaintiffs present.

In light of this authority, Plaintiffs are **ORDERED** to show cause, in writing, **within fourteen days hereof**, why we should enter a judgment on the unpaid future installments. Since Plaintiffs did not address the possibility that we might not award them future payments, Plaintiffs also did not consider the potential consequences if we enter judgment in their favor at this time on only the past due

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0637-GHK (SSx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | *Unito Piazza Enterprises Co. LTD, et al. v. Pacwind, Inc., et al.* | | |

payments. Accordingly, Plaintiffs are also **ORDERED** to address whether we would retain jurisdiction in this matter if Plaintiffs seek to collect the future payments at a later time and whether we would be permitted by the Federal Rules of Civil Procedure to enter more than one judgment in this case. Alternatively, Plaintiffs may simply state that they will file a new case when the future payments become past due, rather than attempting to bring another motion to enforce the settlement in this matter. Failure to timely respond to this Order or to adequately show cause will result in dismissal without prejudice to renewal of the motion after all payments have become past due.

**IT IS SO ORDERED.**

-- : --

Initials of Deputy Clerk       Bea